Dowd, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRANDON WESTERFELD, | ) | CASE NO. 5:10 CV 896 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FIRST HORIZON HOME LOANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on pro se Plaintiff Brandon Westerfeld's Motion for Emergency Injunctive Relief and Temporary Restraining Order, filed on April 26, 2010. The Motion, which is not supported by a memorandum, seeks an order from this court staying a sheriff's sale of real property scheduled for April 28, 2010. The Motion merely states that "Plaintiff has a bona fide dispute with the Defendant," and that "[c]ontinuing with the sale on April 28th 2010 will cause Plaintiff damage." Motion, p. 2.

Federal Civil Rule 65 authorizes the court to grant a temporary restraining order. FED. CIV. R. 65. Whether injunctive relief should be granted requires consideration of the following four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief. See Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir.2000); see also Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir.1977).

The real property at issue was the subject of a foreclosure action in the Ohio Court of Common Pleas.  First Horizon Home Loans v. Westerfeld, Wayne County Court of Common Pleas Case No. 09-CV-533, and the prospective sheriff's sale of the property at 218 Skyview Circle, Dalton, Ohio, is a result of a judgment taken against Plaintiff in that case.[1]

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  Id.  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his federal rights.  Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the Court must be inextricably intertwined with the claim asserted in the state court proceeding.  Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  Catz, 142 F.3d at 293.  Second, the Rooker-Feldman doctrine precludes a

---

[1] http://courtsweb.waynecountycourthouse.com/PA/pa.urd/pamw2000.docket_1st?301297.32

2

district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, plaintiff directly attacks the state court's decision concerning foreclosure on his real property, and the action is clearly predicated on his belief that the state court was mistaken in rendering its decision. Any review of the claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

Because Plaintiff has failed to demonstrate a strong likelihood of success on the merits, the Motion for Emergency Injunctive Relief and Temporary Restraining Order is DENIED. The Clerk is directed to mail a copy to plaintiff at his address of record.

IT IS SO ORDERED.


April 27, 2010                  s/David D. Dowd, Jr.
Date                                DAVID D. DOWD, JR.
                                        UNITED STATES DISTRICT JUDGE