Dowd, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON WESTERFELD, | ) | CASE NO. 5:10 CV 896 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| FIRST HORIZON HOME LOANS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On April 26, 2010, *pro se* plaintiff Brandon Westerfeld filed this action under 42 U.S.C. §§ 1983, 1985, and 1986, 28 U.S.C. § 2254, the Racketeer Influenced Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961 *et seq.*, the Fair Debt Collection Procedures Act ("FDCPA") 15 U.S.C. § 1692, the Patriot Act, and the Ohio Deceptive and Unfair Trade Practices Act "Ohio Rev. Code Title 13" against First Horizon Home Loans ("First Horizon") and attorney Matthew J. Richardson. In the Complaint, plaintiff disputes the validity of a mortgage loan upon which a judgment of foreclosure in the Wayne County Court of Common Pleas was based.  He seeks $20,000,000.00 in damages, all reasonable attorney fees, nullification and vacation of the Wayne County Judgment, return of the property that was the subject of the foreclosure, and an injunction to stop the execution of the judgment.

## Background

Mr. Westerfeld's Complaint is comprised almost entirely of legal rhetoric and contains very few factual allegations. Mr. Westerfeld was the owner of property located at 218 Skyview Circle, in Wayne County Ohio. The property was encumbered by a mortgage. A foreclosure action was filed against Mr. Westerfeld in the Wayne County Court of Common Pleas on July 14, 2009 by First Horizon. Mr. Westerfeld filed an Answer to the Complaint, as well as a Motion to Strike the Pleadings, and a Counterclaim. Judgment was granted in favor of First Horizon on March 4, 2010.

Although the Complaint asserts multiple causes of action, the basic premise of the pleading is that the underlying mortgage loan obligation is invalid and the foreclosure judgment is void. Mr. Westerfeld contends First Horizon did not prove that it is the owner and holder of the promissory note in question. He alleges there was no contract to support the transaction which he states was nothing more than the bank balancing its books with matching debit and credit memos. Mr. Westerfeld states that "without a contract there is no Deed of Trust, without a Deed of Trust there is no lien or Security Interest." (Compl. at 12.) He asserts that all transaction are "ultra vires" and therefore may be null and void. (Compl. at 4.) He claims the Praecipe to Cause Sale of Real Property that was filed by First Horizon in the Wayne County Common Pleas Court was fraudulent. He states the Mortgage Company did not provide a copy of the original note that was signed in ink at the closing and therefore it lacked standing to file the foreclosure. He complains that his pleadings were not properly addressed by the Common Pleas Court, and he was deliberately denied ruling and hearings on his Motions.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

As an initial matter, this Court cannot vacate the Wayne County Common Pleas Court Judgment, order return of the property that sold by Order of that court, nor enjoin the execution of the judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

To the extent Mr. Westerfeld claims that the defendants lacked standing to bring the foreclosure action in state court, and the judgment is null and void, he is directly attacking the state court's decision. Those allegations concern specific grievances that the law was incorrectly applied to Plaintiff's case, and are clearly predicated on his belief that the state court was mistaken in rendering its decisions against him. Furthermore, Plaintiff requests that the state court's judgment be reversed, vacated, and enjoined. Any review of the federal claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested.

4

*Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

To the extent Mr. Westerfeld is seeking to litigate this matter anew, he cannot proceed. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio courts have already determined that the mortgage was valid, that First Horizon was the holder of that mortgage, and that Mr. Westerfeld was in default of the mortgage obligation. This court is bound to give full faith and credit to the decisions of those courts. He is barred by the doctrine of *res judicata* from litigating these questions again in federal court.

5

## Conclusion

For all the foregoing reasons, this action is dismissed.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/David D. Dowd, Jr.    5/7/2010<br>
DAVID D. DOWD, JR.<br>
UNITED STATES DISTRICT JUDGE

---

[1]   28 U.S.C. § 1915(a)(3) provides, in pertinent part:

   An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.